| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)*                                        Chapter    **11** |

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy        **04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
| --- | --- | --- |
| 1. | **Debtor's name** | **Evercrisp Biosciences, Inc.** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **87-1544437** |

| | | |
| --- | --- | --- |
| 4. | **Debtor's address** | **Principal place of business** |

**651 Gateway Blvd, Suite 1600**
**South San Francisco, CA 94080**
Number, Street, City, State & ZIP Code

**San Mateo**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
| --- | --- | --- |
| 5. | **Debtor's website** (URL) | **https://www.evercrispbio.com/** |

| | | |
| --- | --- | --- |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: |

Debtor   **Evercrisp Biosciences, Inc.**
_____ Name _____

Case number (*if known*) _____

| | |
|---|---|
| 7. **Describe debtor's business** | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

   **5417**

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor    **Evercrisp Biosciences, Inc.**                                     Case number (*if known*) _____
                    Name

List all cases. If more than 1,
attach a separate list                  Debtor    **See Attachment**                         Relationship _____
                                        District _____ When _____ Case number, if known _____

---

**11. Why is the case filed in** *this district?*     *Check all that apply:*

■    Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■    A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                              Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____
           Contact name _____
           Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **Evercrisp Biosciences, Inc.** | Case number (*if known*) | |
| | Name | |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **January 1, 2026**
                MM / DD / YYYY

**X /s/ Meenu Chhabra Karson**                          **Meenu Chhabra Karson**
Signature of authorized representative of debtor        Printed name

Title    **CEO**

---

**18. Signature of attorney**

**X /s/ L. Katherine Good**                    Date **January 1, 2026**
Signature of attorney for debtor                    MM / DD / YYYY

**L. Katherine Good**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street**
**6th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **302-984-6000**     Email address    **kgood@potteranderson.com**

**5101 DE**
Bar number and State

---

| Debtor | **Evercrisp Biosciences, Inc.** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter **11**

☐ Check if this is an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| Debtor | **Apertor Pharmaceuticals, Inc.** | | | Relationship to you | **Affiliate** |
|---|---|---|---|---|---|
| District | **Delaware** | When | **12/15/25** | Case number, if known | **25-12201** |
| Debtor | **Apple Tree Life Sciences, Inc.** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | **12/09/25** | Case number, if known | **25-12177** |
| Debtor | **ATP III GP, Ltd.** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | **12/09/25** | Case number, if known | **25-12179** |
| Debtor | **ATP Life Science Ventures, L.P.** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | **12/09/25** | Case number, if known | **25-12178** |
| Debtor | **Initial Therapeutics, Inc.** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | **12/15/25** | Case number, if known | **25-12202** |
| Debtor | **Marlinspike Therapeutics, Inc.** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | **12/15/25** | Case number, if known | **25-12203** |
| Debtor | **Nine Square Therapeutics, Inc.** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | | Case number, if known | |
| Debtor | **Red Queen Therapeutics, Inc.** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | **12/15/25** | Case number, if known | **25-12204** |

## **Schedule 1**

<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtors</u>

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  A motion will be filed with the Court requesting that the chapter 11 cases of each Entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Apple Tree Life Sciences, Inc.

| **ENTITY** |
| --- |
| Apple Tree Life Sciences, Inc. |
| ATP Life Sciences Ventures, L.P. |
| ATP III GP, Ltd. |
| Apertor Pharmaceuticals, Inc. |
| Initial Therapeutics, Inc. |
| Marlinspike Therapeutics, Inc. |
| Red Queen Therapeutics, Inc. |
| Evercrisp Biosciences, Inc. |
| Nine Square Therapeutics, Inc. |

Minutes of Special Meeting of the Board of Directors of Evercrisp Biosciences , Inc.

December 19, 2025

A special meeting of the Board of Directors of Evercrisp Biosciences , Inc., a Delaware corporation (the "Corporation"), was held by means of conference telephone call, by which all of the Directors participating could listen and speak with each other, at 1:00 PM Eastern time on December 19, 2025. Participating in the meeting were Seth L. Harrison, Spiros Liras, Matthew Jacobson, Tanja Kortemme and Meenu Karson, constituting all of the Directors and a quorum for the transaction of business. Also participating was Daniel P. Finkelman, General Counsel to the Corporation. Dr. Karson acted as Chairman of the meeting and appointed Mr. Finkelman to act as Secretary thereof. After discussion and upon motion duly made and seconded, the following actions were approved unanimously:

## APPROVAL FOR FILING OF VOLUNTARY PETITION FOR RELIEF UNDER CHAPTER 11, APPOINTMENT OF CRO, AND RETENTION OF PROFESSIONALS

**WHEREAS**, the Directors have considered certain materials presented by, or on behalf of, the Corporation's management ("Management") and its advisors (collectively, "Advisors"), including, but not limited to, materials regarding the liabilities, obligations and liquidity of the Corporation, the strategic alternatives available to the Corporation, and the impact of the foregoing on the Corporation's business;

**WHEREAS**, the Directors have had adequate opportunity to consult with Management and the Advisors regarding the materials presented, to obtain additional information and to fully consider each of the strategic alternatives available to the Corporation;

**WHEREAS**, the Directors have determined in the exercise of their business judgment that it is advisable and in the best interests of the Corporation and its stakeholders to appoint a Chief Restructuring Officer of the Corporation, vested with such powers and to perform such duties as the Directors by resolution may delegate to him from time to time;

**WHEREAS**, the Directors have determined in the exercise of their business judgment that it is advisable and in the best interests of the Corporation to retain B. Riley to act as financial advisor to the Corporation and provide the Corporation with restructuring advisors and support personnel, including, without limitation, Perry Mandarino, Senior Managing Director of B. Riley, as Chief Restructuring Officer (the "CRO"), to represent the Corporation in carrying out its duties under the Bankruptcy Code;

**WHEREAS**, the Directors have determined in the exercise of their business judgment that it is advisable and in the best interests of the Corporation to appoint the law firm of Quinn Emanuel Urquhart & Sullivan, LLP as general bankruptcy co-counsel of the Corporation;

**WHEREAS**, the Directors have determined in the exercise of their business judgment that it is advisable and in the best interests of the Corporation to appoint the law firm of Potter Anderson & Corroon LLP, as general bankruptcy co-counsel.

**WHEREAS**, the Directors have determined in the exercise of their business judgment that it is advisable and in the best interests of the Corporation to appoint the law firm of Murphy & King, Professional Corporation as general bankruptcy co-counsel.

**WHEREAS**, the Directors have determined, in the judgment of the Directors, that the following resolutions are advisable and in the best interests of the Corporation, its stakeholders, its creditors, and other parties in interest.

**NOW THEREFORE,** in consideration of the preceding recitals, **BE IT RESOLVED,** that in the judgment of the Directors, it is desirable and in the best interest of the Corporation, its stakeholders, its creditors, and other parties in interest, that the Corporation shall be, and hereby is, in all respects authorized to file, or cause to be filed, a voluntary petition for relief (a "<u>Bankruptcy Petition</u>") commencing a case (the "<u>Chapter 11 Case</u>") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>") for the Corporation, and the Directors hereby consent to, authorize, and approve, the filing of such Bankruptcy Petition; and be it hereby

**FURTHER RESOLVED,** that, effective as of December 12, 2025, Mr. Mandarino, Senior Managing Director of B. Riley, be, and hereby is, appointed Chief Restructuring Officer of the Corporation, vested with such powers and to perform such duties as the Directors by resolution may delegate from time to time, shall report to, and take direction from, the Directors, and shall serve as Chief Restructuring Officer until their removal by resolution of the Directors or his resignation; and be it hereby

**FURTHER RESOLVED,** that if Mr. Mandarino expressly delegates specific duties within his powers to a specific officer of the Corporation, in which case such officer shall report to Mr. Mandarino and take direction from Mr. Mandarino or the Directors with respect to such delegated duties; and be it hereby

**FURTHER RESOLVED,** that Mr. Mandarino shall continue to be employed by B. Riley and shall be permitted to perform and undertake such other activities unrelated to the Corporation as required by his employment with B. Riley; and be it hereby

**FURTHER RESOLVED,** that Mr. Mandarino, the Corporation's Chief Restructuring Officer, and any duly appointed officer of the Corporation, acting individually and with full power of substitution (together with any persons to whom such person delegates certain responsibilities, collectively, the "<u>Authorized Persons</u>") be, and hereby is, authorized to execute and file on behalf of the Corporation all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Corporation; and be it hereby

**FURTHER RESOLVED,** that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized and empowered to employ the following professionals on behalf of the Corporation: (i) the law firm of Quinn Emanuel Urquhart & Sullivan LLP, as general bankruptcy co-counsel, (ii) the law firm of Potter Anderson & Corroon LLP, as general bankruptcy co-counsel, (iii) the firm of B. Riley, as a restructuring advisor, (iv) the law firm of Murphy & King, Professional Corporation, as general bankruptcy co-counsel, and (v) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals such Authorized Person deems necessary, appropriate or advisable; each to represent and assist the Corporation in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firm filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Corporation, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

## GENERAL AUTHORIZATION

**BE IT HEREBY FURTHER RESOLVED,** that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized and empowered to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in his/her/its/their absolute discretion deems necessary, appropriate or desirable in accordance with these resolutions and the Chapter 11 Case when such Authorized Person determines to file such Chapter 11 Case, with a view to the successful

prosecution of such case; and be it hereby

**FURTHER RESOLVED**, that the officers and/or Authorized Persons of the Corporation be, and hereby are, authorized to undertake all acts necessary and proper to carry out the full implementation and execution of the aforesaid resolutions, including, but not limited to (i) the negotiation of agreements, amendments, supplements, instruments or certificates not now known but which may be required; (ii) the negotiation of changes and additions to any agreements, amendments, supplements, instruments or certificates currently existing; (iii) the execution, delivery and filing (if applicable) of any of the foregoing; (iv) the execution of powers of attorney to authorize attorneys-in-fact to act on their behalf; and (v) the payment of all fees, liabilities, taxes and other expenses as the officers and/or Authorized Persons, in their sole discretion, may approve or deem necessary, appropriate or advisable in order to carry out the intent and accomplish the purposes of the foregoing resolutions, with all such actions, executions, deliveries, filings and payments to be conclusive evidence of the officers' and/or Authorized Persons' authority and the Directors' approval thereof; and be it hereby

**FURTHER RESOLVED**, that the Directors have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waive any right to have received such notice.

**FURTHER RESOLVED**, that all actions taken before or after the date of adoption of the foregoing resolutions by any of the Corporation, the Chief Restructuring Officer, and the Corporation's officers that are within the authority conferred by these resolutions are hereby expressly ratified, confirmed, approved and adopted by the Directors as the acts and deeds of the Corporation in all respects and for all purposes, as if specifically set out in these resolutions; and be it hereby

**FURTHER RESOLVED**, that the Secretary and any other appropriate officer of the Corporation are, and each individually hereby is, authorized, empowered and directed to certify and furnish copies of these resolutions and such statements as to the incumbency of the Corporation's officers and/or Authorized Persons, under corporate seal if necessary, as may be requested, and any person receiving such certified copy is and shall be authorized to rely upon the contents thereof.

There being no further business to come before the meeting, it was, upon motion duly made, seconded and unanimously approved, adjourned.

_____
Daniel P. Finkelman, Secretary of the Meeting

**Evercrisp Biosciences, Inc.**
**Officer's Certificate**

**December 31, 2025**

The undersigned, as the General Counsel of Evercrisp Biosciences, Inc., a Delaware corporation (the "Corporation"), hereby certifies, solely in his capacity as an officer of the Corporation and not in any individual capacity, as follows:

a)      a duly called special meeting of the Board of Directors (the "Board") of the Corporation, at which a quorum was present, was held on December 19, 2025 (the "Special Meeting") in accordance with the requirements of the Delaware General Corporation Law and the Corporation's charter and bylaws;

b)      the resolutions included in the attached were duly adopted and approved unanimously by the directors of the Board in attendance at the Special Meeting;

c)      the resolutions included in the attached are true, complete and correct as they appear;

d)      the resolutions included in the attached have not been modified, amended, annulled, rescinded or revoked and are still in full force and effect as of the date hereof; and

e)      there exists no other subsequent resolution of the Board relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first set forth above.

By: *Daniel Finkelman*
DocuSigned by:
30A8DE1D9D794C5...
Name: Daniel P. Finkelman
Title: General Counsel

Fill in this information to identify the case:

Debtor name    **Evercrisp Biosciences, Inc.**

United States Bankruptcy Court for the:    **DISTRICT OF DELAWARE**

Case number (if known):    _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Admera Health, LLC 126 Corporate Boulevard South Plainfield, NJ 07080** | **accounting@admerahealth.com** | **Professional Services - Scientific Research** | | | | **$18,871.00** |
| **Agilent Technologies, Inc. 4187 Collections Center Drive Chicago, IL 60693** | **usar@agilent.com** | **Supplies** | | | | **$19,511.43** |
| **BioMetas Group Limited Room 2103 21/F Golden Centre 188 Des Voeux Road Central Sheung Wan** | **pm@biometasgroup.com** | **Professional Services - Scientific Research** | | | | **$47,400.00** |
| **Browne Consulting Group One Broadway 14th Floor Cambridge, MA 02142** | **accounting@browneconsultinggroup.com** | **Professional Services - Accounting** | | | | **$37,702.50** |
| **Charles River Laboratories, Inc. GPO Box 27812 New York, NY 10087** | **dana.deiner@crl.com** | **Supplies** | | | | **$98,465.06** |
| **ChemPartner Corporation Chengdu ChemPartner Co., Ltd. Bld#B3, Tianfu Life Science Park No. 88 Chengdu, Sichuan, 610041** | **accounting@chempartner.us** | **Supplies** | | | | **$66,744.01** |

Debtor  **Evercrisp Biosciences, Inc.**
        Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **CSC Leasing Company 6802 Paragon Place, Suite 350 Richmond, VA 23230** | **anielsen@cscleasing.com** | **Equipment Rental** | **Unliquidated** | | | **$495,443.47** |
| **Digital Insurance, LLC 200 Galleria Pkwy Ste1950 Atlanta, GA 30339** | **dibilling@onedigital.com** | **Professional Services - HR Consulting** | | | | **$84,647.71** |
| **Fisher Scientific P.O. Box 3648 Boston, MA 02241** | **ar.ach@thermofisher.com** | **Supplies** | | | | **$31,323.14** |
| **Global Project Partners, LLC 1990 North California Boulevard 8th floor, #20 Walnut Creek, CA 94596** | **ma@globalprojectpartnersllc.com** | **Professional Services - Scientific Research** | | | | **$30,530.00** |
| **Horizon Discovery Biosciences Ltd 8100 Cambridge Research Park Waterbeach, Cambridge, UK** | **ar-hdb@horizondiscovery.com** | **Supplies** | | | | **$18,560.73** |
| **Jennifer Doudna [Address on File]** | **[Address on File]** | **Professional Services - Scientific Advisory** | | | | **$24,999.00** |
| **Life Technologies Corporation 12088 Collections Center Dr. Chicago, IL 60693** | **accountsreceivableus@invitrogen.com** | **R&D Supplies** | | | | **$17,478.47** |
| **Marija Zecevic [Address on File]** | **[Address on File]** | **Professional Services - Consulting** | | | | **$20,211.96** |
| **Pegasus Purchaser Inc. - BioProcure LLC 660 Main Street Woburn, MA 01801** | **accounting@bioprocure.com** | **Professional Services - Procurement** | | | | **$35,615.00** |
| **Robert Thomas Abraham [Address on File]** | **[Address on File]** | **Professional Services - BOD** | | | | **$20,000.00** |

Debtor **Evercrisp Biosciences, Inc.**
     Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Tanja Kortemme [Address on File]** | **[Address on File]** | **Professional Services - Consulting** | | | | **$49,998.00** |
| **VWR International, LLC PO Box 640169 Pittsburgh, PA 15264** | **vwrcustomerservice@vwr.com** | **Supplies** | | | | **$37,843.98** |
| **Wilson Sonsini Goodrich & Rosati PC 650 Page Mill Road Palo Alto, CA 94304** | **finance@wsgr.com** | **Professional Services - Legal** | | | | **$127,765.77** |
| **Wuxi AppTec (HongKong) Limited Unit C, 20/F OfficePlus at Mong Kok, No. 998 Canton Road, Hong Kong** | **ar_service@wuxiapptec.com** | **Professional Services - Scientific Research** | | | | **$101,889.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Evercrisp Biosciences, Inc., | Case No. 26-_____ (_____) |
| Debtor. | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Evercrisp Biosciences, Inc., as proposed debtor and debtor in possession (the "Debtor") respectfully represents that, as of January 1, 2026, the following are corporations owning 10 percent or more of equity interest in the Debtor:

| Entity | Percentage of Equity Interest[1] |
|---|---|
| ATP Life Science Ventures, L.P. | 75.6% |

---

[1]  The Equity Interests disclosed are reflected on a fully diluted basis.

**Fill in this information to identify the case:**

Debtor name    **Evercrisp Biosciences, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## ██   Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■   Other document that requires a declaration   **Corporate Ownership Statement (Rule (7007.1)**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **January 1, 2026**    *X*   ___*/s/ Meenu Chhabra Karson*___
                                          Signature of individual signing on behalf of debtor

                                          **Meenu Chhabra Karson**
                                          Printed name

                                          **CEO**
                                          Position or relationship to debtor