# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Apple Tree Life Sciences, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12177 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 70 & 71**<br><br>**Hearing Date: January 20, 2026 at 2:30 p.m. (ET)**<br>**Objection Deadline: January 13, 2026 at 4:00 p.m. (ET)** |
| In re:<br><br>Evercrisp Biosciences, Inc.,<br><br>Debtor.<br><br>Tax I.D. No. 87-1544437 | Chapter 11<br><br>Case No. 26-10000 (LSS)<br><br>(Joint Administration Requested) |
| In re:<br><br>Nine Square Therapeutics, Inc.,<br><br>Debtor.<br><br>Tax I.D. No. 85-0634503 | Chapter 11<br><br>Case No. 26-10001 (LSS)<br><br>(Joint Administration Requested) |

## DEBTORS' MOTION FOR AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF ADDITIONAL CHAPTER 11 CASES AND (II) EXTENDING CERTAIN RELIEF GRANTED TO THE ORIGINAL DEBTORS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Apple Tree Life Sciences, Inc. (4506); ATP Life Science Ventures, L.P. (8224); ATP III GP, Ltd. (6091); Apertor Pharmaceuticals, Inc. (3161); Initial Therapeutics, Inc. (2453); Marlinspike Therapeutics, Inc. (4757); and Red Queen Therapeutics, Inc. (8563). The location of the Debtors' service address in these chapter 11 cases is 230 Park Avenue, Suite 2800, New York, NY 10169.

**RELIEF REQUESTED**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) directing the joint administration for procedural purposes only of the additional chapter 11 cases (the "Additional Debtors' Chapter 11 Cases") of Evercrisp Biosciences, Inc. and Nine Square Therapeutics, Inc. (the "Additional Debtors") with the jointly administered cases (the "Original Debtors' Chapter 11 Cases," and with the Additional Debtors' Chapter 11 Cases, the "Chapter 11 Cases") of Apple Tree Life Sciences, Inc., ATP Life Science Ventures, L.P., ATP III GP, Ltd., Apertor Pharmaceuticals, Inc., Initial Therapeutics, Inc., Marlinspike Therapeutics, Inc., and Red Queen Therapeutics, Inc. (the "Original Debtors") and (b) directing that the orders listed on Exhibit 1 to the Proposed Order that were entered in the Original Debtors' Chapter 11 Cases (the "Original Debtors' Orders") apply to the Additional Debtors' Chapter 11 Cases effective as of the Additional Debtors' Petition Date.

2.      The Debtors request that the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk of the Court") maintain one file and one docket for all the jointly administered cases under the case number assigned to Apple Tree Life Sciences, Inc. (Case No. 25-12177 (LSS)), and that the Clerk of the Court administer the Chapter 11 Cases under the following amended consolidated caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Apple Tree Life Sciences, Inc., *et al.*,[1] | Case No. 25-12177 (LSS) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Apple Tree Life Sciences, Inc. (4506); ATP Life Science Ventures, L.P. (8224); ATP III GP, Ltd. (6091); Apertor Pharmaceuticals, Inc. (3161); Initial Therapeutics, Inc. (2453); Marlinspike Therapeutics, Inc. (4757); Red Queen Therapeutics, Inc. (8563); Evercrisp Biosciences, Inc. (4437); and Nine Square Therapeutics, Inc. (4503). The location of the Debtors' service address in these chapter 11 cases is 230 Park Avenue, Suite 2800, New York, NY 10169.

3. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c) of the Bankruptcy Code.

4. Additionally, the Debtors request that the Clerk of the Court make a docket entry on the docket of each of the Additional Debtors to reflect the joint administration of these Chapter 11 Cases, substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of this chapter 11 case with the chapter 11 cases of *Apple Tree Life Sciences, Inc.*, et al. The docket in Case No. 25-12177 (LSS) should be consulted for all matters affecting this chapter 11 case.

**JURISDICTION AND VENUE**

5. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

8. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

9. On December 9 and 15, 2025 (the "Original Debtors' Petition Dates") and January 1, 2026 (the "Additional Debtors' Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Original Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). *See* Docket No. 69.

10. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

11. A detailed description of the facts and circumstances of these Chapter 11 Cases is set forth in the *Declaration of Dr. Seth L. Harrison in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 18] (the "Harrison Declaration") and the *Declaration of Perry M. Mandarino, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 25] (the "Mandarino Declaration," and with the Harrison

Declaration, the "First Day Declarations").[2]  As is described in more detail in the First Day Declarations, the Debtors commenced these Chapter 11 Cases due to the failure of Rigmora Biotech Investor One LP, and Rigmora Biotech Investor Two LP (collectively, "Rigmora") to fulfill their contractual obligations, and their attempts to wind up Debtor ATP Life Science Ventures, L.P. (the "Partnership Debtor") and liquidate the portfolio companies. Through these Chapter 11 Cases, the Debtors seek to stabilize their business, and, under the Court's supervision, restructure the Partnership Debtor's capital structure.

## BASIS FOR RELIEF

**I.     Joint Administration of the Additional Debtors' Chapter 11 Cases Is Appropriate and Will Ease Administrative Burdens.**

12.    Bankruptcy Rule 1015(b) provides, in relevant part, that "[t]he court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b).  Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

13.    In addition, Local Rule 1015-1 provides:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors'

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declarations, as applicable.

IMPAC - 12625023v.4

estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

14. As described in the First Day Declarations, the Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code. Moreover, given the integrated nature of the Debtors' operations, joint administration of the Additional Debtors' Chapter 11 Cases with the Original Debtors' Chapter 11 Cases will promote the economical and efficient administration of these Chapter 11 Cases by avoiding the substantial time and expense required in preparing, replicating, filing, and serving duplicate motions, notices, applications, and orders, and will ease the administrative burden for the Court, the Office of the United States Trustee for the District of Delaware, and other parties in interest.

15. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. For example, creditors may still file claims against a particular Debtor or its estate (or against multiple Debtors and their respective estates), and the Debtors will maintain separate records of assets and liabilities. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of the Additional Debtors' Chapter 11 Cases with the Original Debtors' Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of the Additional Debtors' Chapter 11 Cases with the Original Debtors' Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

**II.    Application of the Original Debtors' Orders to the Additional Debtors' Chapter 11 Cases Will Avoid Unnecessary Duplication and Expense.**

16. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy

Code]." This section expressly affirms that bankruptcy courts are courts of equity and grants the Court the power to fashion orders which serve to preserve or protect the estates' assets. *See Off. Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) ("[C]ourts are able to craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain.").

17. This Court's entry of the Proposed Order directing that the Original Debtors' Orders apply to the Additional Debtors' Chapter 11 Cases will obviate the need for costly and duplicative motions and applications to be filed in the Additional Debtors' Chapter 11 Cases, and such relief is therefore necessary to benefit the Debtors' creditors and parties in interest. This relief will save considerable time and expense for the Debtors and will reduce the burden placed on this Court and parties in interest by avoiding inefficient and duplicative hearings. Further, the Original Debtors' Orders are non-substantive in nature and deal solely with administrative and procedural issues such as retention of the claims and noticing agent and authority to redact personally identifiable information. The Debtors have filed or will file separate motions seeking substantive "first-day" relief on behalf of the Additional Debtors to the extent necessary.

18. The Debtors believe this relief is appropriate and necessary to carry out the provisions of the Bankruptcy Code, as required by section 105(a) thereof. Further, such relief is consistent with similar relief previously granted in this district. *See, e.g.*, *In re AIO US, Inc.*, Case No. 24-11836 (CTG) (Bankr. D. Del. Nov. 14, 2024) [Docket No. 389] (order directing joint administration of additional debtors with original debtors and extending applicability of prior orders to additional debtors); *In re Terraform Labs Pte. Ltd.*, Case No. 24-10070 (BLS) (Bankr. D. Del. July 17, 2024) [Docket No. 478] (order extending applicability of prior orders to additional debtors); *In re Amyris, Inc.*, Case No. 23-11131 (TMH) (Bankr. D. Del. Aug. 23, 2023) [Docket

7

No. 125] (order directing joint administration of additional debtors with original debtors and extending applicability of prior orders to additional debtors); *In re Knotel, Inc.*, Case No. 21-10146 (MFW) (Bankr. D. Del. Mar. 26, 2021) [Docket No. 994] (order extending applicability of prior orders to additional debtor).

19. For these reasons, the Debtors respectfully submit that the relief requested herein is necessary, appropriate, and in the best interests of the Debtors' estates and creditors.

## NOTICE

20. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the relief requested, no further notice is necessary.

## NO PRIOR REQUEST

21. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: January 6, 2026
Wilmington, Delaware

Respectfully submitted,

/s/ *Ethan H. Sulik*

| | |
|---|---|
| Andrew M. Berdon, Esq. (admitted *pro hac vice*) | L. Katherine Good (No. 5101) |
| Patricia B. Tomasco, Esq. (admitted *pro hac vice*) | Brett M. Haywood (No. 6166) |
| Rachel E. Epstein, Esq. (admitted *pro hac vice*) | Shannon A. Forshay (No. 7293) |
| Alain Jaquet, Esq. (admitted *pro hac vice*) | Ethan H. Sulik (No. 7270) |
| Rachel Harrington, Esq. (admitted *pro hac vice*) | **POTTER ANDERSON & CORROON LLP** |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | 1313 N. Market Street, 6th Floor |
| 295 5th Avenue, 9th Floor | Wilmington, Delaware 19801 |
| New York, New York 10016 | Telephone: (302) 984-6000 |
| Telephone: (212) 849-7000 | Facsimile: (302) 658-1192 |
| Facsimile: (212) 849-7100 | Email: kgood@potteranderson.com |
| Email: andrewberdon@quinnemanuel.com | bhaywood@potteranderson.com |
| pattytomasco@quinnemanuel.com | sforshay@potteranderson.com |
| rachelepstein@quinnemanuel.com | esulik@potteranderson.com |
| alainjaquet@quinnemanuel.com | |
| rachelharrington@quinnemanuel.com | |

-and-

Eric D. Winston, Esq. (admitted *pro hac vice*)
Razmig Izakelian, Esq. (admitted *pro hac vice*)
Benjamin Roth, Esq. (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: ericwinston@quinnemanuel.com
razmigizakelian@quinnemanuel.com
benroth@quinnemanuel.com

*Proposed Counsel to the Debtors and Debtors in Possession*